995 F.2d 306
 301 U.S.App.D.C. 406
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Elizabeth M. YOUNTS, Appellant,
v.
FEDERAL COMMUNICATIONS COMMISSION, Appellee,
Greene Broadcasting, Inc., Richardson Broadcasting Group, Intervenors.
 No. 92-1119.
 United States Court of Appeals, District of Columbia Circuit.
 May 10, 1993.
 
 Before: SENTELLE, HENDERSON and RANDOLPH, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was heard on the record on appeal from a decision of the Federal Communications Commission and on the briefs filed by the parties and arguments by counsel. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). On consideration thereof, it is
 
 
 2
 ORDERED and ADJUDGED that the decision from which this appeal has been taken be affirmed. The Commission's finding of lack of candor by the appellant is supported by substantial evidence. The disqualification of her application on that basis without explicit designation of the issue is well-grounded in FCC precedent. See The O.T.R.H., Inc., The Old Time Religion Hour, Inc., 95 F.C.C.2d 713, 719 (1983) ("[T]he Commission has long held that false statements in the course of the hearing process are, in and of themselves, of substantial significance, ... that specific notice to an applicant that he must testify truthfully is superfluous, and that such false testimony may lead to disqualification.... Recently, the Commission reiterated that lack of candor need not be specially designated as a hearing issue because 'truth and candor are always in issue.' ") (citations omitted), appeal dismissed sub nom. Alden Communications of Texas, Inc. v. FCC, No. 85-1207 (D.C.Cir.1987); William M. Rogers, 92 F.C.C.2d 187, 189 (1982) (concluding applicant's "evasiveness and lack of candor were appropriate matters to be explored" and "grounds upon which to justify revocation" and stating: "The issue of candor need not be separately designated for hearing since the Commission has a right to expect candor from all of its licensees."); Grenco, Inc., 39 F.C.C.2d 732, 736-37 (1973) ("Complete candor from Commission licensees as to matters under investigation may be demanded and is expected.... While issues are designated to place the licensee on notice of the charges which he will be required to meet at the hearing, notice to a renewal applicant that he must testify truthfully and not conceal material information is superfluous. Taking an oath serves that purpose and no unfairness results in holding a renewal applicant to have knowingly assumed the risk of an adverse determination as to its character qualifications when a principal testifies falsely at the hearing.... [W]e cannot temporize with deliberate deception of the Commission. No matter how unblemished the reputation of the principal in the community, no one is allowed 'one bite' at the apple of deceit.") (citation omitted).
 
 
 3
 The clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15(b).